Case 3:16-cv-00480-D-BF Document 15 Filed 02/08/17 Page 1 of 5 PageID 2224

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 8 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN HENRY WILSON, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-480-D |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent Lorie Davis is Director of TDCJ-CID.

**II. Background**

On February 14, 2013, Petitioner was convicted of murder, enhanced, and was sentenced to forty-five years in prison. *State of Texas v. John Henry Wilson*, No. F-1255608-S (282nd Dist. Ct., Dallas County, Tex., Feb. 14, 2013). On January 28, 2014, Petitioner's conviction and sentence were affirmed on direct appeal. *Wilson v. State*, No. 05-13-00234-CR (Tex. App. – Dallas, 2014). On June 11, 2014, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. PDR No. 0242-14.

On October 1, 2015, Petitioner filed a state habeas petition. *Ex parte Wilson*, No. 80,056-

02. On January 13, 2016, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On January 24, 2016, Petitioner filed this federal petition for habeas relief. He argues:

(1) He was denied the right to allocution; and

(2) He received ineffective assistance of counsel when counsel:

    (a) failed to properly advise him of his right to allocution;

    (b) failed to seek out witnesses; and

    (c) failed to object to one of the enhancement paragraphs.

On May 26, 2016, Respondent filed his answer arguing, *inter alia*, that the petition is barred by limitations. Petitioner did not file a reply. The Court now finds the petition should be dismissed as time-barred.

### III. Discussion

**A. Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On June 11, 2014, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later, on September 10, 2014. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until September 10, 2015, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On October 1, 2015, Petitioner filed his first state habeas petition. This petition was filed after the AEDPA limitations period expired. It therefore did not toll the limitations period.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -3-

Petitioner was required to file his § 2254 petition by September 10, 2015. He did not file his petition until January 24, 2016. His petition is therefore untimely.

**B.  Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner has failed to show he is entitled to equitable tolling.

**IV. Recommendation**

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 6 day of February, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).